Our last case this morning is Evelyn Rodriguez Thomas v. United States, 2023-2154. Mr. Cassara. Good morning members of the court. It's a pleasure to be back before you. My name is William Cassara and I represent Dr. Evelyn Rodriguez Thomas. The question in this case is really fairly straightforward. Although, as I was preparing again this morning and going through all of these subsections and sections, I'm realizing that that's why I went to law school and not statistical school because I get lost in the numbers sometimes. But the question is really very simple. Did the lower court err by ruling that the decision of the United States Public Health Service Board of Corrections was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence when it failed to use the correct retired pay multiplier under 42 U.S.C. 212-A6? More specifically, the question is, do the years of plaintiff civil service at the public health service qualify as active service as a member of the uniformed service? Okay, so the Court of Federal Claims, Appendix 4 at least, gives his analysis, her analysis of these statutory provisions. Why is that wrong? Judge, I am having a hard time hearing you. I'm terribly sorry. The Court of Federal Claims analyzed the statute. What's wrong with the analysis? Sure. And what's important to remember, Your Honor, is that the standard of review for this court on a question of statutory interpretation is reviewed without deference. And what is wrong is that the Judge Schwartz did not give credit to the statute says very clearly that her time as a civil service counts, her time in medical school counts as long as she wasn't in the armed services at the time. And that is where she has been shorted by basically requiring her to pick either her time as civil service or her time in medical school. And the statute says that you can count both under the alternate theory, as I'll explain in just a moment. This Court will not disturb the decision of the Corrections Board unless it is arbitrarily crucial. I'm sorry, Judge. Where does the alternate theory reach the conclusion that you're arguing for? Sure. Listen to the language. Yes, Your Honor. And I can point to in the administrative record at page, I was going to point to, in which we state very clearly that the years of active service as a member of the Uniformed Service include both her civil service time. Look at the statute. I'm looking at the statute, Your Honor. Which provision of the statute are you looking at? Well, it depends on when you say which provision, Your Honor, if you could please clarify what you're asking me. I'm just asking you to show me where the statute supports your theory that you can both on the alternative approach get the medical school and the earlier service, the public health service. Because the language of the statute. Which language, which section? 42 Alpha 4 Bravo. I'm using military nomenclature. I'm sorry, Judge. I recall one of you spent time in the Marine Corps. Which section of 42? 212? 212 A4B. Okay. And she can get credit for her active service as a member of the Uniformed Services plus up to five years of medical schooling plus her internship. The problem with this case, Judge, with the way that the statute has been calculated, is that, as you know, there's sort of a two-step process that has to be undertaken. If I understand correctly, what OPM said was that the public health service earlier was not as a uniformed member of the public health service, correct? Correct. And you don't dispute that, right? She was not wearing a uniform. So you're saying that still fits within subsection I? Well, Judge, it does. And here's why. If you take the court's interpretation, the trial courts, the Court of Federal Claims, it can lead to the somewhat absurd result that none of her time in the public health service would count because of the way that the statute is worded. The public health service specifically, in fact, if you recall when she was retiring, the public health service specifically included her time towards her retirement and then sort of said, well, but we have to take it out without any explanation as to why they had to take it out. And the retired patient had been calculated as five years of medical school, three years, six months, and 27 days of civil service, and her time in the Commissioned Corps. Because to read the statute the other way would take away all of her time in the public health service. And the other important thing to realize, Judge, is that you look at the way the statute is worded when it talks about her medical schooling, and it specifically talks about medical officers, it says service comparable to that of a commissioned officer. There is no other. The way that the public health service works, as you see from the administrative records, these people go sort of from a civil service to a uniformed service status fairly fluidly, which is why the statute is written in a way that it would exclude her time in medical school if she were on active duty at that time. She was not. And I believe that that is really where the mistake of the trial court took place, is that you take that five years of medical schooling and internship out of the equation if she was a member of a uniformed service. For example, and the statute even specifically states, maybe it might be the CFR, but specifically states that if she was at what is called the USPUHS, which is the military's medical school. So if she were going to medical school on the public dime, so to speak, those years would not count. So one can certainly infer from the opposite of that, that if she was not going to medical school on the public dime, and that if she was paying for her own medical school, that her time in medical school counts towards her active federal service. To calculate her retired pay, we take the base pay, and then we multiply it, which is 2.5% of her creditable service. And then at its core, the calculation is her three base pay times 2.5 years of creditable service. Everyone agrees on that part of the formula. The only question is, what calculates years of creditable service? You determine her retired base pay using the high three average under 10 U.S.C. 1407. I am getting more confused as the time goes on. Can I just ask you a very simple question? Is your claim under the alternative method or the general method? The alternative method. We believe that if you calculate it under either method, she's strictly based. How do you construe determined without regard to subsection D? And that's really what this case boils down to. And then I conclude, the issue is that 212D differentiates between active service and the uniform service and active service with the PHS. But again, it has that little kicker in there that talks about medical schooling. As you look towards, you can't just look at, in other words, Judge, I'm trying not to confuse you and myself as I've read these things. Without regard to, it excludes non-uniformed public health service employment. Does it not? Yes. Okay. So that's what the Court of Federal Claims said. Because it says without regard to subsection D, it excludes non-uniformed public health service employment from the calculation. But it is not the only statute that we have to look to when interpreting this. So you're agreeing that this statute is right, but we have to look to something else? Yes.  What's the something else? And something else says that that time in medical schooling. What's the something else? Oh, it's the, I'm sorry, Judge, it's the 42 U.S.C. 212 alpha, which says, as opposed to 10 U.S.C. 1409, which says that the years of active service in the uniform service, that you take out the time if she was a commissioned, you only take out that time for medical schooling if she was a commissioned officer at the time that she was in medical school. She was not. And that's really what this case boils down to, is that you cannot look at that particular piece of the statute in a vacuum, and that you have to. I don't understand. If you're agreeing that you're going under the alternative method, well, then nobody's disputing that the alternative method includes the medical school stuff.  So she's got that. The question is, she's got that. The question is the time for non-uniformed service, right? Right. And that's when you go back to 10 U.S.C. 1409-4 Bravo I, which includes her civil service time. And my point, Judge, and if you look at AR-3. . . I'm just, where is that cited in your brief, that provision? I want to make sure we're looking at the full provision.  So is it that page 10? Yes, that is at page 10. Judge, am I losing you? That's under the alternative method, right? Yes, I think we're. . . Judge, to be clear, our position is that under either method, she is entitled to 25 years of creditable service. We are relying upon the alternate method, because the statute says that you use whichever one will give her the highest yield, so to speak. And if you look at the administrative record at page 37, which is the advisory opinion of the public health service, which obviously we disagree with, it points you back to 42 U.S.C. 212B1-3. So that's where you get the sort of interplay of those two statutes. But, Judge, I think that we have, at least we have tried, given the somewhat confusing nature of the two statutes. If you look at our brief on page 10, at the very end, 10 U.S.C. 1409, this was both the civil service and the uniformed service and the commission time for the poor, and you get that by looking at 1409 4B1-3. Subject to any further questions from the members of the court, I believe that concludes my initial presentation. We will save you a bubble time. Thank you, Judge. Ms. Gross. I don't want that, I'm sorry. Don't get your water. I don't want that, too. Good morning, Your Honors, and may it please the court. Commander Rodriguez-Thomas' interpretation is contrary to the plain language of the statute. I don't understand what this interpretation is. Do you understand what he's saying? No, Your Honor. It's very clear between the general method and the alternative method. The general method includes civilian service, and the alternate method includes education without regard to subsection D, which is the civilian service. And when you look at 10 U.S.C. 1409, that just discusses the multiplier. That doesn't discuss the definition of active service or civilian service, for that matter. So I must admit that I am also unsure what exactly the argument is. It seems very clear from the language of the statute that Congress intended either education to be credited or civilian service. And it's not that her civilian service isn't counted. It is counted under the general method because she deserves the rate which gives her the highest amount of years. She's under the alternate method instead. So her civilian service is being counted. It's just not being counted in her multiplier because we're using a different method. So the fact that she did civilian service is not discounted in the scheme of her career. It's just not counted in this specific multiplier and in this specific way to calculate. So... So you assume as a practical matter somebody picks and chooses. You decide whether your civilian service is greater than years of education, right? It's her choice. It wouldn't be her choice. It would be the choice under... The calculators would look at both the general method and the alternate method. And whichever method has the most years of service... Yes. ...at the end, then yes, you would pick that because she deserves the most amount of years. Yes. And she can't combine them. And if the Court has no further questions, the decision of the Court of Federal Claims should be affirmed. Thank you, Your Honors. Thank you, Counsel. Mr. Pissar has some more time. Not much to rebut. Well, I don't want to leave the Court any more confused than though the statute itself does. So I'm going to try. If you look at the administrative record at page 9... ...which is the original application to the Public Health Service Board... You don't mean Appendix 9? It's actually... I copied the administrative record and not the joint appendix, but the administrative record is at page 9...  ...which is page 7 of our original brief to the... Quite honestly, I never know when I come to the Court which tree to kill and which papers to bring, so I chose to bring the smaller of the two. But it says, as you can see, active service is defined to include active service in the uniformed service plus active service with the PHS. That language would not be in there if there was not a distinction between the two. The distinction between the two is that under the PHS, as I said, your service can be somewhat fluid and you can go from a civilian status to a military status, wearing a uniform one tour of duty and being a civilian in the other tour of duty. That is why the Public Health Service has fashioned a retirement system that takes both of those into consideration and would give her 25 years of active federal service. If there are any further questions from the members of the Court, that will conclude my presentation. Thank you to both counsel. The case is submitted.